# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 2770 | **DATE** | 2/10/2012 |
| **CASE TITLE** | Rothstein vs. American Airlines | | |

**DOCKET ENTRY TEXT**

The Court denies both Rothstein's and American's motions (Docs. 100 and 113) without prejudice, to be considered only if American chooses not to remove the claim to the bankruptcy court. The parties shall appear at a status hearing on April 5, 2012 at 9:00 a.m. to report whether American will continue here or the bankruptcy court.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiff Steven Rothstein sued American Airlines, Inc. ("American") for breach of contract after American cancelled his "AAirpass," which gave Rothstein and a companion unlimited lifetime first-class flying privileges. Among other reasons, American terminated Rothstein's AAirpass under the contract because it claimed Rothstein fraudulently used the AAirpass to book himself an empty seat as a "companion" when he was flying alone. American filed fraud and breach of contract counterclaims against Rothstein, alleging that with respect to a half-dozen specific flights, Rothstein's fraudulent use of his AAirpass damaged American by preventing the airline from selling the seat reserved for Rothstein's companion when he had no intention of traveling with a companion. American's alleged loss from Rothstein's fraud, per the numbers in its counterclaim, is approximately $58,650.[11]In its counterclaim, American indicated that its investigation as to other flights was on-going, and did not supply amounts associated with several incidents where he booked two seats for himself. (*See* Doc. 25, ¶¶ 47-52.) American's Rule 30(b)(6) representative testified at her deposition that American had not identified specific incidents of fraud by Rothstein other than those listed in the counterclaim. (Doc. 61-3, Cade Dep. at 12-13.) (*See* Doc. 25, ¶¶ 25, 29, 33, 37, 41, 46.)

   On June 30, 2011, the Court entered summary judgment for American on Rothstein's breach of contract claim, finding that the AAirpass contract gave American the right to terminate Rothstein's AAirpass for conduct it felt was fraudulent. Neither party moved for summary judgment on American's counterclaims at that time. After the Court's opinion came out, Rothstein filed a motion for judgment on the pleadings or alternatively summary judgment on the counterclaims, asserting that those claims would result in a windfall for American, who received a benefit of $1,000,000 a year by not having to provide Rothstein unlimited travel anymore. Rothstein also asserts that American cannot assert a claim on a contract it wanted to void, and that American has elected its remedy of termination. American also moved for summary judgment, but only on its breach of contract counterclaim. American's motion is based on the Court's finding in its June 2011 that Rothstein booked seats for random "companions" that he found at the gate and booked two seats

**STATEMENT**

for himself. (*See* Doc. 95 at 4.)

After those motions became fully briefed, but before the Court ruled on them, American's parent AMR, Inc. filed for bankruptcy. The Court requested position papers regarding how the automatic bankruptcy stay under 11 U.S.C. § 362(a)(1) affects this litigation. The parties agree that § 362(a)(1) only applies to actions *against* the debtor, and not to actions prosecuted by the debtor. *See Martin-Trigona v. Champion Fed. Savings & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) ("the automatic stay is inapplicable to suits *by* the bankrupt" and noting "[t]here is . . . no policy of preventing persons whom the bankrupt has sued from protecting their legal rights") (emphasis in original). In other words, the stay does not apply to American's counterclaims. That said, the counterclaim is an asset, albeit a very small one, of the parent's estate and American requested an additional period of time to discuss with its bankruptcy counsel whether to remove the counterclaim to bankruptcy court. Rothstein does not oppose the additional time, but requests that the Court rule on his motion.

In light of the very small amount of money at issue in the case, the cost of going to trial if the Court denies the motions, and the complexity of American parent's bankruptcy, the most prudent course is to allow American time to consider whether it wishes to proceed here or in the bankruptcy court. Also, given the size of the counterclaim, the Court also urges the parties to revisit settlement during this period. The Court denies both Rothstein's and American's motions (Docs. 100 and 113) without prejudice, to be considered only if American chooses not to remove the claim to the bankruptcy court. The parties shall appear at a status hearing on April 5, 2012 to report whether American will continue here or the bankruptcy court.