# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 2770 | **DATE** | 6/15/2012 |
| **CASE TITLE** | Rothstein vs. American Airlines, Inc. | | |

**DOCKET ENTRY TEXT**

Motion for pro hac vice counsel for leave to withdraw [138] is granted. Status hearing stricken for 6/18/2012 and reset to 7/9/2012 @ 9:00 a.m.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Gary Soter, appearing in this case *pro hac vice*, has petitioned the Court to withdraw as Rothstein's attorney, citing financial hardship and unfair prejudice in continuing to represent Rothstein unremunerated. (Doc. 138). The Court will grant Mr. Soter's Motion based on these representations; however, the Court first finds it necessary to clarify and correct the record.

According to Rule 16.2 of the Local Rules of the United States District Court for the Northern District of Illinois, the Court may permit parties to participate in their status hearings by telephone. This permission is in fact a privilege, as it is solely within the discretion of the Court to grant, subject to just cause for the attorney to appear by telephone.

On September 19, 2011, the Court held a status hearing at which Rothstein's local counsel appeared and orally requested that Mr. Soter, as lead counsel, be granted leave to appear by telephone. Once Mr. Soter was patched into the Courtroom via telephone, he reported irritatedly to the Court that he had filed a motion to appear by telephone but that he "never heard a response." (Tr. 9/19/11 A.M., pg. 4). The error was Mr. Soter's, rather than the Court's, because he had failed to properly notice the motion to the Court's attention. Instead, Mr. Soter had improperly filed his motion as a response to a pending motion to continue. (Doc. 107). Nevertheless, the Court accommodated Mr. Soter and informed the parties that the motion for entry of judgment under Rule 54(b) was denied. (Doc. 108). Mr. Soter orally requested a ruling immediately on a pending motion for judgment on the pleadings, expressing frustration that the case would continue when he wanted it to be concluded–although the motion had not yet become fully briefed. At that time,

**STATEMENT**

the Court considered his tone to be aggressive and noted it in the Court's daily notations due to the fact that the Court had extended the phone privilege to Mr. Soter and as a reminder for his next phone appearance. The Court also accommodated the parties' request to reschedule their trial date.

On June 4, 2012, the Court held a status hearing at which Mr. Soter again appeared by telephone, this time without local counsel, in this instance having properly noticed the Court by motion. The Court solicited Mr. Soter's position and he responded. When the Court sought to pose a question regarding the position that Mr. Soter was making, he interrupted the Court and insisted that he be allowed to "make [his] record" because he had been "waiting eight months" for a ruling, which is a gross mischaracterization of the procedural history of this case. (Tr. 6/4/12 A.M., pg. 4). Nevertheless, the Court permitted Mr. Soter to present his position to its conclusion. According to the transcript, the Court then stated, "No, do not even open your (indicating) mouth," a hand gesture and instruction that was directed towards the attorney present in the Courtroom representing American Airlines–and not to the attorney on the telephone for whom such a gesture would be meaningless. (Tr. 6/4/12 A.M., pg. 4). Mr. Soter improperly attempts to claim that the hand gesture and statement were somehow directed at him even though he was not present in the court. He takes umbrage with the Court's statement assuming that it was directed at him when in truth, had he been in court, he would have seen that the Court was silencing the attorney for American Airlines so that the Court could immediately respond to Mr. Soter's offensive tone and inaccurate argument. Mr. Soter's argument to the Court was obstreperous and rude. The Court took note that Mr. Soter was emboldened by his appearance telephonically and not in the presence of the bench or the entire courtroom of waiting attorneys and revoked his privilege of appeared by telephone in the future commenting that perhaps his aggressive tone occurred due to the fact that he was not appearing face to face with the Court. Mr. Soter's failure to speak civilly and respectfully is required by Duty Number One of Lawyers' Duties to the Court pursuant to the Seventh Circuit Standards for Professional Conduct. To avoid further miscommunication the Court declined to extend the privilege of appearing by telephone again to Mr. Soter, stating that he had forfeited such a privilege by speaking rudely and unprofessionally. The Court concluded that Mr. Soter would not be so brazen and disrespectful if he were present before the Court and ordered that he appear in person at the next status hearing.

In his filing, Mr. Soter challenges this Court's finding and order in spite of also seeking to withdraw. It has long been held that federal courts possess certain implied powers to manage their internal affairs and to control their own dockets. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citing *United States v. Hudson*, 7 Cranch 32, 34 (1812); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)); *accord Miller v. Wolpoff & Abramson, LLP*, 309 Fed.Appx. 40, 42 (7th Cir. 2009) (a federal court has inherent authority to manage its own docket). For this reason, courts are universally acknowledged to possess the power to "impose silence, respect, and decorum in their presence, and submission to their lawful mandates." *Chambers*, 501 U.S. at 43 (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)). These inherent powers of the federal courts are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers,* 501 U.S. at 43 (quoting *Link v. Wabash*

**STATEMENT**

*R. Co.*, 370 U.S. 626, 630–631 (1962)); *see also Miller*, 309 Fed.Appx. at 42 When a lawyer appears before a court he should not act in a manner that demeans his profession. *See* Canon Number One of the American Bar Association Code of Professional Responsibility, EC 1-5 ("A lawyer should maintain high standards of professional conduct and should encourage fellow lawyers to do likewise. He should be temperate and dignified, and he should refrain from all illegal and morally reprehensible conduct.").

Mr. Soter attests that he has spent more than 600 hours on Rothstein's cause and has received no attorneys' fees whatsoever for his efforts. (Doc. 137-1). Possibly this is the reason for Mr. Soter's irritated manner when appearing before the Court. Yet, if this the source of frustration for Mr. Soter, it has befouled his communications with the Court and he should be aware that there are remedies for his frustration – one of which he is seeking now – withdrawal. The Court also notes that local counsel was retained to appear on this matter and yet, Mr. Soter failed to have local counsel (who would be more accustomed to the proper demeanor and rules of the Northern District of Illinois) appear on his client's behalf. Arguing to the Court that he has no funds to fly to Chicago belies the truth that he has access to capable counsel to appear locally for him. Regardless of his financial conflicts with his client, this does not excuse the unprofessional and disrespectful conduct of Mr. Soter at the June 4, 2012 status hearing. With this clarification of the record and mindful of the standard of professional conduct that this Court demands of the attorneys who practice before it, the Court grants Mr. Soter's Motion to Withdraw as Counsel based on financial hardship and unfair prejudice (Doc. 138) and dismisses the Court's order that he appear in person at the status on June 18, 2012. Due to the change in counsel, the status is reset to July 9th at 9:00.